UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN F. NELSON,<br><br>                               Plaintiff,<br><br>v.<br><br>SORRENTO TOWER APARTMENTS, et al.,<br><br>                               Defendants. | Case No.: 21-cv-01554-RBM-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 30]** |

On April 19, 2022, Plaintiff Warren F. Nelson ("Plaintiff"), proceeding *pro se*, filed a "Stipulation by Plaintiff for Protective Order." (ECF No. 30.) Plaintiff noted that his filing did not "represent an agreement" between Plaintiff and Defendants in this action. (*Id.* at 8.) Accordingly, the Court construes Plaintiff's filing as an *Ex Parte* Motion for Protective Order (the "Motion").

Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c); *United States v. CBS, Inc.*, 666 F.2d 364, 368–369 (9th Cir.1982). However, the discovery period has yet to commence in this case and no scheduling order governing discovery has issued. Moreover, Plaintiff fails to demonstrate that good cause exists to support any protective order at this time. *In re*

*Coordinated Pretrial Proceedings*, 669 F.2d 620, 623 (10th Cir.1982); *see also Wood v. McEwen*, 644 F.2d 797, 801–801 (9th Cir.1981). Plaintiff's stipulated protective order also does not contain the language required by § VI of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules. Therefore, the Court **DENIES** Plaintiff's Motion **without prejudice** and declines to enter a protective order as requested by Plaintiff at this time. The Court encourages the parties, at the appropriate time, to meet and confer for the purpose of filing a joint motion for protective order in accordance with Judge Burkhardt's Civil Chambers Rules.

**IT IS SO ORDERED.**

Dated: April 19, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge